**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLORADO**

Case No.:

JEFF BERGER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff, Jeff Berger ("Plaintiff"), by and through his legal counsel, Elkus & Sisson, P.C., and hereby submits his Complaint and Jury Demand.

## I. PARTIES AND VENUE

1. The Plaintiff is an individual who resides at 6490 Kilimanjaro Drive, Evergreen, CO 80439.

2. The Defendant, The City and County of Denver (hereinafter referred to as "Denver") is a municipal corporation with administrative offices in the City and County of Denver, State of Colorado.

## II. JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States and 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C. § 1988.

1

4. Venue in the United States District Court for the District of Colorado is proper in that the action complained of took place in the State of Colorado, City and County of Denver, and all the parties, upon information and belief, are residents of the state.

### III.     GENERAL ALLEGATIONS

5. Officer Berger has been a law enforcement officer with the Denver Police Department since 1998.

6. During his tenure with the Denver Police Department, Officer Berger received the Distinguished Service Cross, Superior Tactics Star, Life Saving Award and two (2) letters of Commendation. In short, Officer Berger is a highly decorated officer.

7. Based on his successful career in Denver, Officer Berger tested for the position of Sergeant in 2015. The testing revealed that Officer Berger was twenty-one (21) overall of the sixty (60) accepted applicants from a list of approximately 200.

8. In September, 2016, Officer Berger was identified as the number one candidate on the Sergeant list.

9. Officer Berger is married to Angela Simon. They have been married since 2012.

10. Ms. Simon was a Denver Police Officer until October, 2014. Ms. Simon was terminated from Denver Police Department in 2014, which termination resulted in Ms. Simon filing a lawsuit against the City and County of Denver and the Denver Police Department.

11. In October, 2015, Ms. Simon filed a wrongful termination and retaliation complaint against the Denver Police Department with the United States Department of Labor Wage and Hourly Division. Upon information and belief, the Denver Police Department was served with the complaint in early, 2016. Ms. Simon's complaint alleges that the command structure at the Denver

Police Department retaliated against her for invoking her rights under the Family Medical Leave Act.

12. Subsequent from filing Ms. Simon's wage complaint in August, 2016, and while acting in a civilian capacity, Ms. Simon attended a meeting with Commander Ronald Saunier and Lieutenant Robert Wycoff. At the time of the meeting, Ms. Simon's wage complaint was pending with the Denver Police Department. During the August, 2016 meeting with Commander Saunier and Lieutenant Wycoff, Ms. Simon briefly discussed that Officer Berger was on the Sergeant list. Approximately five (5) hours after Ms. Simon's meeting, Officer Berger was required to attend a meeting with Commander Saunier. In that meeting, Commander Saunier advised Officer Berger that he was being removed as acting Sergeant. The stated reason for the demotion was that Officer Berger's Class 2 self-initiated arrest stats are too low.

13. On September 6, 2016, just a month after her meeting with Commander Saunier and Lieutenant Wycoff, Ms. Simon filed a lawsuit against the Denver Police Department in the Denver District Court.

14. Ms. Simon's lawsuit asserts the followings claims for relief against the City and County of Denver and the Denver Police Department: (1) Interference with Family Medical Leave Rights; (2) retaliation for exercise of Family Medical Leave Rights; (3) breach of employment contract; and (4) promissory estoppel.

15. On November 22, 2016, Ms. Simon served the City and County of Denver and the Denver Police Department with her State lawsuit.

16. Ms. Simon's lawsuit was removed to the United States District Court for the District of Colorado on December 16, 2016. Ms. Simon's lawsuit is currently pending in the United States District Court for the District of Colorado.

17. On March 4, 2017, Officer Berger was called for a meeting with Commander Ronald Saunier. In attendance at the March 4th meeting was Officer Berger, Commander Saunier and Deputy Chief Quinones. Deputy Chief Quinones advised Officer Berger that he would not be promoted at the upcoming promotion ceremony which was scheduled for March 17, 2017. Despite the fact that Officer Berger was still number one on the Sergeant list and that his stats were within the guidelines for the Denver Police Department, Deputy Chief Quinones told Officer Berger that: "where your stats have improved I don't know which Officer I'm going to get if I promote".

18. Upon information and belief, Officer Berger is the first person within the Denver Police Department that has been passed over for promotion at the Sergeant level that did not have any pending disciplinary action.

19. It is also important to note that there is no mention of "stats" in the Denver Civil Service eligibility for Sergeant nor has Officer Berger received any training concerning stats. Moreover, Officer Berger's wife's Federal law suit against the Denver Police Department had been pending for approximately four (4) months at the time Officer Berger was summarily rejected from being promoted.

20. Upon information and belief, Officer Berger was identified as the only witness for Ms. Simons in her pending federal lawsuit.

21. At all times relevant, and upon information and belief, Chief Quinones was aware that Officer Berger was married to Ms. Simon and that she had a pending action against the Police Department.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 FIRST AMENDMENT VIOLATION

22. Plaintiff hereby incorporates by reference all averments in this Complaint.

23. The freedom to enter into and carry on certain intimate or private relationships is a fundamental element of liberty protected by the Bill of Rights.

24. The First Amendment protects those relationships, including family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.

25. Here, Officer Berger is married, and at all relevant times, was married to Angela Simon.

26. It was widely known throughout the Denver Police Department that Officer Berger was Ms. Simon's spouse including Chief Quinones and Commander Saunier.

27. Upon information and belief, and during the relevant time period set forth herein, Commander Saunier and Deputy Chief Quinones knew of Officer Berger's martial relationship with Ms. Simon.

28. As set forth above, Officer Berger was the number one candidate on the Sergeant list to be promoted to the position of Sergeant.

29. However, because Ms. Simon filed suit, and was actively involved in a law suit

against the Denver Police Department at the time Officer Berger was to be promoted, Officer Berger was denied the promotion. Said another way, Officer Berger's denial of a promotion was solely based on his marital relationship with Ms. Simons.

30. Evidence of the pretexutal reasoning for denying Officer Berger his promotion was that Commander Saunier and Deputy Quinones advised Officer Berger that his "stats" were too low and therefore he could not be promoted.

31. Of concern to Officer Berger is that there is no policy within the Denver Police Department concerning tracking stats of officers for evaluating grounds to promote.

32. It is undoubtedly clear that the reason Officer Berger was denied his promotion was due to his marriage.

33. Defendant's conduct proximately caused significant injuries, damages, and losses to Officer Berger. Specifically, Officer Berger has suffered loss of wages, loss of job, loss of benefits, loss of seniority, other economic losses, emotional pain, suffering, humiliation, inconvenience, emotional distress, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant and grant:

(a) Appropriate declaratory and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering allowed by law in an amount to be determined at trial;

(c) All economic losses allowed by law;

(d) Attorney's fees and the costs associated with this action;

(e) Pre- and post-judgment interest at the lawful rate;

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL CLAIMS AND ISSUES SO TRIABLE.**

Respectfully submitted this 19th day of September, 2017.

**ELKUS & SISSON, P.C.**

*/s/ Reid J. Elkus*
Reid J. Elkus
Lucas Lorenz
*Attorneys for Plaintiff*
ELKUS & SISSON, P.C.
501 S. Cherry Street, Suite #920
Denver, Colorado 80246
(303) 567-7981 (phone)
(303) 431-3753 (fax)
relkus@elkusandsisson.com
llorenz@elkusandsisson.com